NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0046n.06

No. 24-5512

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 28, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| YOLANDA MASTERSON, | ) | |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
| Defendant-Appellee. | ) ) ) | OPINION |

Before: BATCHELDER, BUSH, and BLOOMEKATZ, Circuit Judges.

**ALICE M. BATCHELDER**, **Circuit Judge**. Yolanda Masterson applied for disability benefits under the Social Security Act. The administrative law judge (ALJ) denied her application for benefits, however, after he found that Masterson was not "disabled" under the Act. Because substantial evidence supports the ALJ's decision, we affirm.

**I.**

Yolanda Masterson suffered from a host of medical issues, which included high blood pressure, diabetes, degenerative disc disease, factor five blood disease, and sciatic nerve damage. Because these health conditions limited her ability to work, Masterson applied for both supplemental social security income and disability insurance benefits under the Social Security Act. The Social Security Administration denied her application for disability benefits, however, so Masterson requested a hearing before an ALJ.

After the hearing, the ALJ found that Masterson was not "disabled" and denied her application. More specifically, the ALJ found that Masterson's health condition did not "meet or medically equal" any condition that qualified as "disabled" under the Social Security Act, and that her condition still allowed her to perform other "jobs that exist in significant numbers in the national economy." In reaching that conclusion, the ALJ rejected medical opinions from Masterson's two healthcare providers, explaining that those opinions conflicted with the objective medical evidence in the record.

Her application having been denied, Masterson challenged the ALJ's decision in federal district court. Both parties then moved for summary judgment. The district court held that substantial evidence supported the ALJ's decision and awarded summary judgment to the Social Security Administration. Masterson now appeals.

## II.

Masterson challenges the ALJ's decision that she does not qualify for disability benefits under the Social Security Act. But in doing so, Masterson faces an uphill battle. That is because our review of an ALJ's social security decision is quite limited. Indeed, in these social security appeals, we do not "weigh evidence, assess credibility, or resolve conflicts in testimony." *Dyson v. Comm'r of Soc. Sec.*, 786 F. App'x 586, 588 (6th Cir. 2019). Rather, we must affirm the agency's decision unless the ALJ has failed to apply the correct legal standards or made factual findings that are not supported by "substantial evidence." 42 U.S.C. § 405(g); *see also Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020). The substantial-evidence standard presents a low bar, however, and only requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019).

Here, Masterson challenges the ALJ's decision on four grounds, each of which is unpersuasive. First, Masterson argues that the ALJ improperly rejected the medical opinions from her two healthcare providers—Dr. Fishkoff and Dr. Brooks—because, at least in her view, those opinions did not contradict the objective medical evidence in the record. We disagree. The record contains more than enough evidence to support the ALJ's finding that the medical opinions supplied by Masterson's doctors contradicted the objective medical evidence.[1] For example, Dr. Fishkoff opined that Masterson's health issues had "compromised" her concentration and short-term memory and "impaired" her ability to "tolerate frustration" and "conform to social standards." Yet Dr. Fishkoff's own notes recorded that Masterson had average "judgment," "calculation," and "abstract reasoning skills," and that she had the ability to interact with others "in a friendly and cooperative manner." Similarly, Dr. Brooks opined that Masterson's condition had left her "unable to work" any job even though his own notes recorded that she could walk normally and had "intact" strength. What is more, both medical opinions also conflicted with other evidence in the record, such as Dr. Lacy's observations that Masterson had no issues with depression, concentration, or paranoia, and that she had a "normal" mood with no neurological defects. Given all these contradictions, a "reasonable mind" could find the opinions from Dr. Fishkoff and Dr. Brooks unpersuasive, which means that substantial evidence exists to support the ALJ's decision to reject their opinions. *Emard*, 953 F.3d at 849; *see also Sallaz v. Comm'r of Soc. Sec.*, No. 23-3825, 2024 WL 2955645, at *5 (6th Cir. June 12, 2024) (listing "consistency" as one of "the most important factors" in evaluating medical opinions).

---

[1] In 2017, the Social Security Administration eliminated its so-called "treating physician" rule, which required ALJ's to give more weight to a claimant's own healthcare providers. 20 C.F.R. § 404.1527. Now, under the new rule, ALJ's must evaluate all medical opinions under the same factors. 20 C.F.R. § 404.1520c.

Second, Masterson argues that the ALJ improperly evaluated her subjective symptoms. But this argument fails because "[i]t is for the administrative law judge, not the reviewing court, to judge the consistency of a claimant's statements." *Lipanye v. Comm'r of Soc. Sec.*, 802 F. App'x 165, 171 (6th Cir. 2020). And here, the ALJ weighed Masterson's alleged subjective symptoms against the rest of her testimony and ultimately concluded that her "fairly robust level of daily activity and interaction" "undercut" her allegations. Indeed, Masterson testified that she could care for her mother, dress herself, shower and bathe, cook meals, wash dishes, clean her house, drive her car, and shop in stores, and the ALJ reasonably relied on those daily activities when he evaluated her credibility and symptoms. 20 C.F.R. § 404.1529(c)(3)(i); *see also Tipton v. Comm'r of Soc. Sec.*, 847 F. App'x 290, 295 (6th Cir. 2021). Because the ALJ cited "substantial, legitimate evidence to support his factual conclusion[]," we cannot "second-guess" his finding on appeal. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713-14 (6th Cir. 2012).

Third, Masterson argues that the ALJ improperly evaluated her capacity for work. But rather than explain how the ALJ's evaluation was not supported by substantial evidence, Masterson instead takes aim at the district court and attacks its failure to address the issue. That tack misses the mark, however, because we "directly review[]" the ALJ's findings—not the district court's reasoning. *Ulman*, 693 F.3d at 713. And here, substantial evidence supports the ALJ's finding that Masterson can perform "sedentary work" that involves many of the same "physical and mental abilities" that she uses to perform tasks at home each day. 20 C.F.R. §§ 404.1567(a), 416.967(a).

Finally, Masterson claims that the ALJ failed to consider whether her health condition medically equaled one of the conditions that qualify as "disabled" under the Act—and instead considered only whether her health condition "met" those statutory conditions. But this frivolous argument also fails because the ALJ clearly found that Masterson's health condition did not "meet

*or medically equal*" any condition listed in the Act. And Masterson does not, as she must, point to any evidence to show that her health condition qualifies as disabled under the Social Security Act, which means that we cannot reverse the ALJ's decision. *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 432 (6th Cir. 2014).

## III.

Because substantial evidence supports the ALJ's decision, we **AFFIRM** the district court's award of summary judgment.